UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04168-SVW-AGR | Date | January 12, 2026 |
| Title | *Wal Logistics LLC v. Quantam Logistics LLC et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE APPLICATION FOR JUDGMENT ON THE PLEADINGS [27]

## I. Introduction

Before the Court is an ex parte application for judgment on the pleadings brought by Defendant Quantam Logistics LLC ("Quantam"). Defendant's Ex Parte Application for Judgment on the Pleadings ("Mot."), ECF No. 27. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## II. Background

Plaintiff Wal Logistics LLC placed a work order on August 28, 2024 for Defendant to transport 667 cartons of garments ("the Goods") from Cerritos, California, to Sulphur Springs, Texas. Complaint ("Compl."), ECF No. 1, ¶¶ 9-10. Plaintiff alleges Defendant failed to deliver the Goods because they were lost. *Id.* ¶ 11. The Goods belonged to Ningbo Kaiye Import and Export Co., Ltd. ("Ningbo") and were valued at $72,309.60. *Id.* ¶¶ 12-13. As a result of the alleged loss, Ningbo had to ship a replacement shipment to its customer, give a 25% discount to its customer as a penalty for the delay, and incur $53,441 in air freight cost for the shipment of the replacement goods. *Id.* ¶¶ 14-16.

Ningbo assigned all of its rights in connection with the Goods to Plaintiff. *Id.* ¶ 18. Plaintiff filed the instant lawsuit against Defendant on May 8, 2025, alleging the following causes of action: breach of contract; conversion; negligence; Carmack Amendment; and common count. *Id.* ¶ 19-47. Despite the fact

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04168-SVW-AGR | Date | January 12, 2026 |
|---|---|---|---|

| Title | *Wal Logistics LLC v. Quantam Logistics LLC et al* | | |
|---|---|---|---|

that trial is expected to proceed on January 13, 2026, Defendant filed the instant ex parte application for judgment on the pleadings on December 31, 2025. *See* Mot.

### III. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)").

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir.), *cert. denied*, 525 U.S. 981 (1998)). A court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, a complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). Ultimately, the party seeking judgment on the pleadings shoulders a heavy burden of justification. *Calamco v. J. R. Simplot Co.*, 2023 WL 4239107, at *3 (E.D. Cal. June 28, 2023).

### IV. Discussion

#### A. The Carmack Amendment

##### i. Standing

"It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007). "The purpose of the Carmack Amendment was to relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods." *Reider v. Thompson*, 339 U.S. 113, 119 (1950). "The Amendment

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04168-SVW-AGR | Date | January 12, 2026 |
|---|---|---|---|

| Title | *Wal Logistics LLC v. Quantam Logistics LLC et al* |
|---|---|

accomplishes this purpose by imposing liability on the receiving, delivering, and any intermediate carriers regardless of which carrier is at fault." *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1097 (9th Cir. 2011).

Regarding standing, "[t]he plain language of the Carmack Amendment has been interpreted broadly and not limited to shippers." *Celtic Int'l, LLC v. J.B. Hunt Transp., Inc.*, 234 F. Supp. 3d 1034, 1041 (E.D. Cal. 2017) (citing *OneBeacon*, 634 F.3d at 1098). In fact, motor carriers, which Defendant is alleged to be here, are "'liable to the *person entitled to recover under the receipt or bill of lading*' for any loss or injury to the property." *OneBeacon*, 634 F.3d at 1097 (citing 49 U.S.C. § 14706(a)(1)). Accordingly, the Ninth Circuit has held that to determine who has standing to sue under the Carmack Amendment, courts should "look to the bill of lading, rather than an abstract classification system." *Id.* at 1098 (recognizing that other courts have held that particular classes of persons—including shippers, consignors, and consignees, among others—have standing to sue).

Despite the Ninth Circuit directing us to look at the bill of lading to determine if Plaintiff has standing, there is no bill of lading in the record in this case. The question before the Court is thus: who is a "person entitled to recover under the receipt or bill of lading" when no bill of lading exists? *Id.* The Court does not interpret the Ninth Circuit's holding in *OneBeacon* to require a bill of lading for a plaintiff to have standing given that the Carmack Amendment explicitly states that "[f]ailure to issue a receipt or bill of lading does not affect the liability of a carrier." 49 U.S.C. § 14706(a)(1). At the very least, shippers—those who "own[] the goods being transported," 49 U.S.C. § 13102—are entitled to sue under the Carmack Amendment. *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011) ("[The Carmack Amendment] has since been amended repeatedly, but its purpose has always been to relieve cargo owners of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods. Part of the relief guaranteed to shippers was the right of the shipper to sue the carrier in a convenient forum of the shipper's choice." (internal quotation marks and citations omitted)).

Here, Plaintiff pled that the Goods belonged to Ningbo, which would make Ningbo the shipper in this case. Compl. ¶ 13. Plaintiff also alleges that Ningbo assigned all of "its claims and rights in connection with the lost Goods to Plaintiff." *Id.* ¶ 18. Given Plaintiff received an assignment of rights from the shipper in this case, Plaintiff has standing to sue Defendant.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04168-SVW-AGR | Date | January 12, 2026 |
|---|---|---|---|

| Title | *Wal Logistics LLC v. Quantam Logistics LLC et al* |
|---|---|

Defendant's main argument for why Plaintiff's Carmack Amendment fails is that Plaintiff has not provided any evidence of an assignment from the party entitled to recover under the bill of lading. Mot. at 5. Defendant neglects that when asked to enter judgment on the pleadings, the Court must take all facts pled in the complaint—such as the fact an assignment from the shipper occurred—as true. At least at this stage of the litigation and under these circumstances, Plaintiff has standing to sue under the Carmack Amendment. *Celtic Int'l*, 234 F. Supp. 3d at 1042 (finding plaintiff had standing to sue despite absence of bill of lading where plaintiff was a broker two assignments removed from the shippers); *Forman Motorworks, LLC v. SEMA Logistics, Inc.*, 2025 WL 2306974, at *5 (D. Ariz. Aug. 11, 2025) (finding plaintiff had standing to sue despite absence of bill of lading where plaintiff was the owner of goods and the party to whom the goods were to be delivered).

### ii.     Preemption

"The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008). Moreover, "[t]he Carmack Amendment constitutes a complete defense to common law claims against interstate carriers for negligence, fraud and conversion, even though these claims may not be completely preempted." *Id.* Defendant argues that Plaintiff's state common law claims are preempted and must be dismissed if Plaintiff's cause of action under the Carmack Amendment remains. Mot. at 6. Plaintiff in its opposition does not oppose Defendant's argument. *See Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1066 (E.D. Cal. 2022) ("Where a party fails to address arguments against a claim raised in a motion, the claims are abandoned and dismissal is appropriate." (cleaned up)). Nevertheless, Plaintiff's state common law causes of action are preempted by the Carmack Amendment and must be dismissed. These claims—breach of contract, conversion, negligence, and common count—all arise out of the same conduct that gives rise to Plaintiff's Carmack Amendment claim. *See* Compl.

### V.     Conclusion

For the foregoing reasons, Defendant's ex parte application for judgment on the pleadings is GRANTED IN PART and DENIED IN PART. Plaintiff's state common law causes of action are

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04168-SVW-AGR | Date | January 12, 2026 |
|---|---|---|---|
| Title | *Wal Logistics LLC v. Quantam Logistics LLC et al* | | |

dismissed. Plaintiff's Carmack Amendment cause of action remains.

**IT IS SO ORDERED.**

: 

Initials of Preparer   DTA